UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                  :

KEVIN KANG,                       :    **COMPLAINT**
                                    :

            Plaintiff,       :    **Case No.: 1:23-cv-3962**
                                    :

        vs.                     :
                                    :

BKCOIN MANAGEMENT LLC, BKCOIN   :
CAPITAL LP, and MICHAEL GOLDBERG  :
                                    :

           Defendants.     :

------------------------------------------------------------X

## COMPLAINT FOR INDEMNIFICATION AND ADVANCEMENT

       Kevin Kang, by and through his undersigned counsel, Ballard Spahr LLP, brings this complaint for indemnification and advancement of fees against Defendants BKCoin Management LLC, BKCoin Capital LP, and Michael Goldberg in his capacity as Receiver for BKCoin Management LLC and BKCoin Capital LP:

## NATURE OF THE ACTION

      1.     Kevin Kang was a managing member of BKCoin Management, LLC ("BKCoin"). BKCoin oversaw the following funds that invested in crypto-related assets: BKCoin Capital LP, BK Offshore Fund, Ltd., BKCoin Multi-Strategy Master Fund, Ltd., BKCoin Multi-Strategy Fund, LP, and BKCoin Multi-Strategy Fund Ltd. (together with BKCoin, the "BKCoin Entities").

      2.     BKCoin entered into the First Amended and Restated Limited Partnership Agreement with BKCoin Capital LP, dated August 28, 2020 (the "Amended LP Agreement"). A true and correct copy of the Amended LP Agreement is attached to this Complaint as Exhibit A.

3.     Under Section 4.03(b) of the Amended LP Agreement, Kang is indemnified by BKCoin Capital LP for any "expenses" including "reasonable legal and other professional fees and disbursements and all expenses reasonably incurred investigating, preparing, or defending against any claim whatsoever, judgment, fines, and settlements . . . ." *Id.* at 14.

4.     BKCoin Capital LP also promised under Section 4.03(e) of the Amended LP Agreement that "[e]xpenses reasonably incurred by a Covered Person in defense or settlement of any claim that may be subject to a right of indemnification hereunder shall be advanced by the Partnership prior to the final disposition thereof upon receipt of a written undertaking by or on behalf of such Covered Person to repay such amount to the extent that it is ultimately determined that such Covered Person is not entitled to be indemnified hereunder." *Id.* at 14-15.

5.     Kang has incurred, and will continue to incur, expenses associated with his defense against actions and investigations arising out of the Amended LP Agreement, the Investment Management Agreement, and the entities in which the Partnership invested.

6.     Specifically, Kang currently faces two legal actions for which he is entitled to advancement and indemnification under Section 4.03(b) and (e) of the Amended LP Agreement: *SEC v. BKCoin Mgmt., LLC,* No. 1:23-cv-20719-RNS (S.D.F.L.) (the "SEC Action") and *Canto v. BKCoin Mgmt., LLC,* No. 1:22-cv-08858-JPO (S.D.N.Y.) (the "Canto Action").

7.     Mr. Michael Goldberg has been appointed to serve as the Receiver for the BKCoin, BKCoin Capital LP, and other entities in *SEC v. BKCoin Mgmt., LLC*, No. 1:23-cv-20719-RNS (S.D.F.L.). *See* Dkt. No. 8.

8.     On March 24, 2023, Kang sent a demand for indemnification and advancement of expenses (the "Demand for Indemnification and Advancement") to Goldberg in his role as

Receiver for BKCoin Capital LP and BKCoin. A true and correct copy of the Demand for Indemnification and Advancement is attached to this Complaint as Exhibit B.

9.      On March 31, 2023, Goldberg denied Kang's Demand for Indemnification and Advancement (the "Denial of Indemnification and Advancement"). A true and correct copy of the Denial of Indemnification and Advancement is attached to this Complaint as Exhibit C.

10.      Accordingly, Kang brings this action to obtain an order compelling Goldberg to honor BKCoin Capital LP and BKCoin's contractual obligations to Kang, indemnify Kang, and advance him expenses that he has incurred and will incur going forward under the Amended LP Agreement. Kang also seeks reasonable legal fees and expenses in this action to enforce his rights under Section 4.03.

## THE PARTIES

11.       Kang currently resides at 76 Madison Avenue, New York, New York, 10016, and is a citizen of the State of New York.

12.      BKCoin Capital LP is a Delaware Limited Partnership. Its general partner is BKCoin.

13.      BKCoin is a Delaware limited liability company. Its only managing member at this time is Carlos Betancourt. Mr. Betancourt is a citizen of the State of Florida.

14.      Michael Goldberg is the Receiver for BKCoin Capital LP and BKCoin. Mr. Goldberg is a partner at Akerman LLP and is a citizen of the State of Florida.

## SUBJECT MATTER JURISDICTION AND VENUE

15.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

16.     This Court has authority to issue a declaratory judgment and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202.

17.     Under 28 U.S.C. § 1391(b)(3), venue is proper in this District because Section 17.03 of the Amended LP Agreement states that the "parties hereby agree that any suit, action, or proceeding seeking to enforce any provision of, or based on any matter arising out of or in connection with, this Agreement or the transactions contemplated hereby, whether in contract, tort, or otherwise, shall be brought exclusively in the federal or state courts located in New York County of the State of New York, and that any cause of action arising out of this Agreement shall be deemed to have arisen from a transaction of business in the State of New York."

## STATEMENT OF FACTS

**A.  The Amended LP Agreement Provides for Indemnification and Advancement**

18.     On August 28, 2020, BKCoin Capital LP and BKCoin entered into the Amended LP Agreement.

19.     Section 4.03(b) of the Amended LP Agreement, states the following regarding indemnification:

> To the fullest extent permitted by applicable law, the Partnership shall and does hereby agree to indemnify and hold harmless each Covered Person from and against any damages, costs, losses, claims, liabilities, actions, and expenses (including reasonable legal and other professional fees and disbursements and all expenses reasonably incurred investigating, preparing, or defending against any claim whatsoever, judgment, fines, and settlements (collectively "**Indemnification Obligations"**) incurred by such Covered Person arising out of or relating to this Agreement, the Investment Management Agreement, or any entity in which the Partnership invests (including, without limitation, any act or omission as a director, officer, manager or member of an Affiliate of the Partnership), except in the case of any act or omission with respect to which a court of competent jurisdiction (or other similar tribunal) has issued a final and non-appealable decision, judgment or order that such act or omission resulted from such Covered Person's bad faith, gross negligence, willful misconduct, fraud or a material breach of this Agreement or the Investment Management Agreement. The indemnity set forth herein shall not apply to an internal dispute among the Covered Persons to which the

Partnership is not a party. The provisions set forth in this Section 4.03(b) shall survive the termination of this Agreement.

Ex. A at 14.

20.     Section 4.03(e) of the Amended LP Agreement provides for advancement:

Expenses reasonably incurred by a Covered Person in defense or settlement of any claim that may be subject to a right of indemnification hereunder shall be advanced by the Partnership prior to the final disposition thereof upon receipt of a written undertaking by or on behalf of such Covered Person to repay such amount to the extent that it is ultimately determined that such Covered Person is not entitled to be indemnified hereunder. The termination of a proceeding or claim against a Covered Person by settlement or a plea of nolo contendere or its equivalent, shall not, of itself, create a presumption that any Covered Person's conduct constituted bad faith, gross negligence, willful misconduct, fraud, or a material breach of this Agreement or the Investment Management Agreement.

*Id.* at 14-15.

21.     Kang is a "Covered Person" under Section 4.03 of the Amended LP Agreement. *See id.* at 4. The Amended LP Agreement defines a "Covered Person" as "the General Partner (including, without limitation, the General Partner in its role as Tax Matters Partner and, if applicable, in its capacity as a special limited partner or a former general partner), the Investment Manager, each of their Affiliates, any officers, directors, managers, employees, shareholders, partners, members, agents and consultants of any of the foregoing." *Id.* Kang was a manager of the General Partner, BKCoin, and therefore falls within the definition of "Covered Person."

22.     Under Section 4.03(d) of the Amended LP Agreement, "satisfaction of any indemnification pursuant to this Section 4.03 shall be from and limited to Partnership assets." *Id.* at 14.

23.     Section 1.01 of the Amended LP Agreement defines "Partnership" as "the limited partnership referred to in this Agreement, as it may from time to time be constituted[;]" in other words, BKCoin Capital LP. *Id.* at 8.

24.    The governing law for the Amended LP Agreement is the law of the State of Delaware. *See id.* at 37 (Section 17.02).

**B.  Actions Against Kevin Kang Related to the Amended LP Agreement**

25.    Kang has incurred costs related to two different actions "arising out of or relating to this Agreement, the Investment Management Agreement, or any entity in which the Partnership invests (including, without limitation, any act or omission as a director, officer, manager or member of an Affiliate of the Partnership)[.]" *See* Section 4.03(b) of the Amended LP Agreement.

26.    On October 18, 2022, Plaintiff Alejandro Canto filed an initial complaint in the Southern District of New York against BKCoin, Carlos Betancourt, and Kevin Kang alleging breaches of fiduciary duty in connection with the management of his funds that were in a separately managed account, and certain loan agreements. *See Canto v. BKCoin Mgmt., LLC,* No. 1:22-cv-08858-JPO (S.D.N.Y.), Dkt. No. 3.

27.    On January 20, 2023, Canto filed a first amended complaint (the "Canto FAC"), adding additional allegations regarding improper acts by Kang in connection with the management of BKCoin funds. *See* Dkt. No. 28. A true and correct copy of the Canto FAC is attached to this Complaint as Exhibit D.

28.    On March 6, 2023, the Securities and Exchange Commission (the "SEC") unsealed its complaint against BKCoin and Kang in the Southern District of Florida alleging violations of Section 17(a)(2-3) of the Securities Act, Section 10(b) and Rule 10b-5(a-c) of the Exchange Act, Section 206(1-2) of the Advisers Act, and unjust enrichment. *See SEC v. BKCoin Mgmt., LLC,* No. 1:23-cv-20719-RNS (S.D.F.L.), Dkt. No. 1 (the "SEC Complaint"). A true and correct copy of the SEC Complaint is attached to this Complaint as Exhibit E.

29.     The SEC's Complaint alleged misconduct by Kang in connection with investor funds under the Amended LP Agreement and other agreements. *See*, *e.g.*, SEC Complaint at ¶ 26.

### C.  Kevin Kang Has Incurred Legal Fees and Expenses And Is Entitled to Advancement and Indemnification under the Amended LP Agreement

30.     Kang has incurred legal fees and expenses in connection with both the SEC and Canto Actions.

31.     Kang was originally represented by Norton Rose Fulbright LLP (Celia Cohen, Esq.) in the Canto Action, and is now represented by Ballard Spahr LLP (Celia Cohen, Esq.) in both the Canto and SEC Actions.

32.     Kang is also represented by Akrivis Law Group, PLLC (Walter Norkin, Esq.) in the SEC Action.

33.     The Canto Action is currently stayed pursuant to court order. *See* Dkt. No. 45. Kang does not expect to incur any legal fees and costs in the near future in connection with this matter.

34.     However, Kang has and will continue to incur legal fees and costs in connection with the SEC Action.

35.     Kang is a "Covered Person" under Section 4.03 and the claims in the SEC and Canto Actions arise "out of or [are] relat[ed] to [the Amended LP Agreement], the Investment Management Agreement, or any entity in which the Partnership invests[.]" *Id.*

36.     Kang is entitled to advancement and indemnification under the Amended LP Agreement from the Partnership (BKCoin Capital LP) assets. *See id.*, (Section 1.01 at 8 and Section 4.03 at 14-15).

**D.  The Receiver Wrongfully Denied Kevin Kang's Demand for Advancement**

37.     On March 24, 2023, counsel for Kang issued the Demand for Indemnification and Advancement to Goldberg, the Receiver for the BKCoin Entities. *See* Ex. B. Counsel for Kang demanded indemnification and advancement for Kang, as a Covered Person, under the Amended LP Agreement pursuant to Sections 4.03(b) and (e) for legal fees and costs incurred in the Canto Action and the SEC Action.

38.     The Demand for Indemnification and Advancement included an undertaking from Kang that stated, "Pursuant to the Amended LP Agreement, I, Kevin Kang, undertake to repay any expenses advanced to me to the extent that it is ultimately determined that I am not entitled to be indemnified." *See* Ex. B at 3.

39.     The Demand for Indemnification and Advancement included the aggregate amount of expenses incurred by Kang as of March 24, 2023, which was $154,842.

40.     Counsel for Kang offered to provide monthly notices for expenses in accordance with the Amended LP Agreement going forward. Ex. B. at 1-2.

41.     On March 31, 2023, the Receiver denied the Demand for Indemnification and Advancement on two grounds. *See* Ex. C.

42.     First, the Receiver improperly alleged that there were no assets available for indemnification and advancement: "the Receivership entities' obligation to advance funds for expenses to Mr. Kang is, under the express terms of the Agreement, limited to partnership assets. Agreement at Section 4.03(d): 'The satisfaction of any indemnification pursuant to this Section 4.03 *shall be from and limited to* Partnership assets' (emphasis added)." *Id.* at 1.

43.     Despite the definition of "Partnership" in Section 1.01 of the Amended LP Agreement as BKCoin Capital LP, the Receiver insisted that it was unclear what "Partnership assets" meant under Section 4.03.

44.     Instead, the Receiver pointed to defined term "Available Assets," which refers to funds available for distribution to the partners in BKCoin Capital LP, which is distinct from the Partnership assets from which Kang is entitled to advancement of fees and indemnification. *See* Ex. A, Section 1.01 at 2, Section 8.01 ("Distributions") at 25, and Section 4.03.

45.     Based on this incorrect definition, the Receiver then denied Kang indemnification and advancement because "the only funds the Receivership entities possess are directly traceable to investor funds[, and these] funds cannot be considered Partnership assets under the definition of Available Assets set forth above, or under any reasonable definition of the term Partnership assets, since they properly belong to investors." Ex. C at 2 (internal citation omitted).

46.     Second, the Receiver denied indemnification because he had determined that "Mr. Kang's purported undertaking attached to [Counsel's] letter . . . is woefully insufficient to provide even the remotest possibility that the Receivership entities could recover any advanced funds from Mr. Kang in the likely event he is found to have committed fraud." *Id.*

47.     This other claimed ground for denial of advancement is also incorrect. Under Delaware law, which governs the Amended LP Agreement, parties are only required to furnish an undertaking in order to receive an advancement. There is no requirement for parties to secure the undertaking or show their immediate ability to repay the advance. Kang provided an undertaking pursuant to Section 4.03(e), and the Receiver is legally required to honor that undertaking under the Amended LP Agreement.

9

## COUNT I
### Declaratory and Injunctive Relief for Kevin Kang's Right to Advancement under the Amended LP Agreement

48.     Kang hereby incorporates by reference Paragraphs 1 through 47 of this

Complaint.

49.     Section 4.03 of the Amended LP Agreement is a valid and binding legal

obligation upon BKCoin and BKCoin Capital LP.

50.     Kang is a Covered Person as defined in the Amended LP Agreement.

51.     Both the SEC Action and the Canto Action arise "out of or [are] relat[ed] to [the

Amended LP Agreement], the Investment Management Agreement, or any entity in which the

Partnership invests[.]" Ex. A at 14 (Section 4.03).

52.     BKCoin and BKCoin Capital LP's failure to advance payment of reasonable legal

fees and expenses incurred by Kang in the SEC Action and the Canto Action is a breach of their

contractual obligations under Section 4.03 of the Amended LP Agreement.

53.     As a result of the Receiver's refusal to direct BKCoin and BKCoin Capital LP to

honor their contractual obligations, Kang was forced to bring this action.

54.     An actual controversy now exists between Kang, BKCoin, and BKCoin Capital

LP, and the Receiver concerning Kang's rights as a Covered Person to advancement of his legal

fees and other expenses under the Amended LP Agreement.

55.     Kang seeks a declaratory judgment that the Amended LP Agreement requires

BKCoin and BKCoin Capital LP to advance his fees and expenses incurred and that will be

incurred in the Canto Action, the SEC Action, and this action.

56.     Kang also seeks an order enjoining Goldberg in his capacity as Receiver for

BKCoin and BKCoin Capital LP to make prompt payment to Kang or his counsel for the

reasonable legal fees and expenses incurred to date by Kang, and in the future to make prompt payment of such fees and expenses as incurred by Kang.

## **PRAYER FOR RELIEF**

WHEREFORE, Kang respectfully requests that the Court enter judgment:

a.      Declaring that under Section 4.03 of the Amended LP Agreement, Kang is entitled to advancement from BKCoin and BKCoin Capital LP of the reasonable legal fees and expenses incurred in the SEC Action, the Canto Action, and this action to enforce his rights under Section 4.03;

b.      Ordering Goldberg in his capacity as Receiver for BKCoin and BKCoin Capital LP to promptly direct those entities to pay the reasonable legal fees and expenses incurred to date by Kang in the SEC Action, the Canto Action, and this action to enforce his rights under Section 4.03, as well as to make prompt payment of such fees and expenses as they are incurred by Kang in the future;

c.      Ordering BKCoin and BKCoin Capital LP to pay prejudgment interest on the total amount of fees and expenses from March 24, 2023, the date of the Demand for Indemnification and Advancement, to the date that payment is received by Kang;

d.      Granting such other relief as the Court deems just and proper.

Dated: New York, New York        Ballard Spahr LLP
       May 2, 2023

By:   */s/ Celia Cohen*
             Celia Cohen

Celia Cohen
E-mail: cohenc@ballardspahr.com
Nathaniel Botwinick
E-mail: botwinickn@ballardspahr.com
BALLARD SPAHR LLP
1675 Broadway
19th Floor
New York, NY  10019-5820
Telephone: 212.223.0200
Facsimile: 212.223.1942

*Attorneys for Kevin Kang*